UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN J. GREGORY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:07 CV 1072 (MRK) |
| | : | |
| DANBURY POLICE DEPT., | : | |
| OFFICER CARLSON, Chief of Police | : | |
| ALAN D. BAKER, and Dep. Chief of | : | |
| Police TERRANCE M. SHANAHAN, | : | |
| Defendants. | : | |

## RULING AND ORDER

Currently pending before the Court is *pro se* Plaintiff's Motion for Waiver of Fees and Costs to Obtain Copy of Deposition Transcripts [doc. # 39]. In support of his motion, Mr. Gregory states that he "has been found indigent by the court" and that he desires a copy of his deposition transcript "to ensure he answered questions accurately." Defendants oppose Mr. Gregory's request.

The Court denies Mr. Gregory's motion. As an initial matter, contrary to Mr. Gregory's impression, the Court has not found him to be indigent. Indeed, the Court denied his motion to proceed *in forma pauperis* because he had not filed a prisoner account statement. *See* Ruling [doc. # 11]. In any event and more to the point, that Mr. Gregory may be indigent does not require Defendants or this Court to advance the costs associated with deposition transcripts or witness fees. *See Malik v. Lavalley*, 994 F.2d 90, 90 (2d Cir. 1993) ("[F]ederal courts are not authorized to waive or pay witness fees on behalf of an *in forma pauperis* litigant."); *Goode v. Faneuff*, No. 3:04cv1524 (WWE/HBF), 2006 WL 2401593, at *1 (D. Conn. Aug. 18, 2006) ("Although plaintiff has been granted permission to file his action *in forma pauperis*, 28 U.S.C. § 1915 does not authorize payment or advancement of discovery expenses by the court."); *Tajeddini v. Gluch*, 942 F. Supp. 772, 782 (D. Conn. 1996) (*In forma pauperis* status does not require the Government to advance funds to pay

for deposition expenses."). As one District Court has noted, "*Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)." *Coates v. Kafczynski*, 2006 WL 416244, at *2 (W.D. Mich. Feb. 22, 2006) (cases cited therein); *accord Hunt v. Smith*, No. 2:03cv00194–WRW, 2007 WL 4358238, at *1 (E.D. Ark. Dec. 13, 2007) ("A *pro se* litigant does not have a right to have discovery expenses paid for by the court.").

That said, the Court observes that ordinarily the court reporter will provide the person deposed with a copy of the deposition transcript to review so that the deponent may check it for errors and note any errors for the reporter. Mr. Gregory may wish to check with the court reporter to determine what arrangements, if any, will be made to permit him to note any errors in his deposition transcript. Also, Mr. Gregory should be aware that if Defendants seek to use his deposition transcript as an exhibit in support of any motion for summary judgment or as evidence at trial, Defendants will be required to provide him with a copy of all exhibits, including the transcript.

Accordingly, the Court DENIES Plaintiff's Motion for Waiver of Fees and Costs to Obtain Copy of Deposition Transcripts [doc. # 39].

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: May 8, 2008.**